(108 App. Div. 94.)

BOVEE v. INTERNATIONAL PAPER CO.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

PLEADING—COMPLAINT—AMENDMENT—FAILURE TO POSTPONE TRIAL—WAIVER.

Where, on the court ordering an amendment to the complaint during the progress of the trial, by having it conform to the facts, as authorized by the express provisions of Code Civ. Proc. § 723, defendant elected to proceed with the trial, and the allegations added to the complaint were deemed denied, the failure of the court to postpone the trial or to require that the amendment should be written out, so that defendant could inspect it before proceeding with the trial, was not error available to defendant.

Appeal from Trial Term, Saratoga County.

Action by George Bovee against the International Paper Company. From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edgar T. Brackett, for appellant.
Raley & Kiley, for respondent.

CHASE, J. In a mill maintained by the defendant, a floor over a storeroom was 4 inches thick, and through this floor were three openings, each about 3 feet wide and 5 feet long. Trapdoors were made to fill these openings, which trapdoors were also 4 inches thick, and each weighed about 156 pounds. The floor was laid upon heavy timbers, and the openings were so made that they extended about 1½ inches upon said timbers on either side. The sides of the trapdoors, when closed, rested upon said 1½-inch projections of said supporting timbers; but there was nothing upon which they rested at the ends thereof. On one side of the trapdoor strap hinges were placed, and fastened by screws to the trapdoor and the adjoining floor. On the opposite side of the trapdoor there was fastened a 4-inch ring for use in raising the door. It was about 24 feet from such floor to the floor of the storeroom. About twice each year the trapdoors were opened or removed

for the purpose of putting wood pulp into the storeroom, and this was done by wooden chutes placed through the openings and so adjusted as to carry the pulp in different parts of the storeroom. On the hinge side of the doors was a post, close to the openings, against which the door leaned when open. With the door leaning against the post it was impossible to adjust the chutes so as to carry the pulp in that part of the storeroom opposite where the trapdoor was standing against the post. In June, 1903, the defendant's superintendent directed that the hinges of one door be unfastened from the floor, and the screws were then removed from the strap of the hinge extending over the floor, and thereafter, when the hole was used, the door was removed.

On September 6, 1904, the plaintiff and another employé were directed to raise that trapdoor and arrange the chutes for depositing pulp in the storeroom. The plaintiff had never assisted in raising the trapdoor, or seen the same raised. He did not know that the screws in the hinges had been removed from the floor, or that there was no support for the trapdoor at the ends thereof. Plaintiff and his fellow workman went to the door and found the same covered with strips of boards, which they proceeded to carry away, and when his fellow employé went with the last armful of strips plaintiff took hold of the ring and raised the door, and when he had raised it a short distance it slipped from the little shelf of about 1½ inches on the hinge side thereof, and dropped to the floor below, carrying the plaintiff with it. He sustained serious injuries. On the trial a verdict of $8,500 was rendered for the plaintiff. The verdict was reduced to $5,000 by order of the court and with the consent of the plaintiff, and judgment was entered thereon for that amount.

We are of the opinion that the evidence was such as to require that the case be submitted to the jury. The defendant insists that the judgment be reversed by reason of the action of the court in regard to an amendment of the complaint. Plaintiff's complaint, upon which he went to trial, alleged the construction of the trapdoor and the subsequent removal of the screws from the hinges, and that the hinges were left upon the floor the same as they were before the screws were removed therefrom, and further alleged:

"That the defendant negligently and carelessly neglected and omitted to replace the screws in said hinges of said trapdoor in said floor, and so negligently and carelessly neglected to securely fasten said trapdoor to the floor of said finishing room, and negligently and carelessly neglected to make said trapdoor safe and secure."

It further alleged:

"That the fact that the defendant had removed these screws from the hinges of said trapdoor in the floor above was unknown to the plaintiff, but said facts were known to the defendant, and that the defendant carelessly and negligently neglected to inform the plaintiff of the fact that said screws had previously been removed from the hinges of said trapdoor, and carelessly and negligently omitted and neglected to inform this plaintiff of the unsafe, dangerous, and insecure condition of said trapdoor, before ordering the plaintiff to open it."

Upon the trial, after the plaintiff and two other witnesses, including plaintiff's fellow workman, were examined as to the accident, without

objection so far as the pleadings are concerned, the court suggested that the complaint be amended, and the record relating thereto is:

"The court here suggested that the complaint was framed differently from. the proof given; that plaintiff might need an amendment; that defendant was negligent in changing the situation from one he was familiar with into another. Plaintiff asked to withdraw a juror, so as to amend the complaint to conform with the proof. The court remarked that the complaint could be amended in that respect by alleging there was a defect in the ways and means, etc., as to the doors. Defendant objected that the amendment could be made at a Special Term, stating that he was surprised thereby. The court remarked that if the defendant was not surprised by the amendment the trial might proceed; if he was surprised a juror could be withdrawn and case postponed. Defendant stated he would proceed. The court remarked that there should be a formal complaint made either during or at the close of the trial on the lines suggested. Defendant excepted. After the trial an amended complaint was drawn by plaintiff's attorneys; submitted to defendant's attorney, and filed with. the judgment roll, and forms a portion of this case."

The trial proceeded without further objection, and no further reference was made to the pleadings by either party, except that, when one of the witnesses was asked by the plaintiff as to whether there were cleats or rests for the trap door at the ends thereof, objection was made:

"That there is no allegation of negligence in the constrution of the door. I suppose they intend to put that in the amended pleading."

There does not appear to have been a ruling by the court upon this question, but the question was answered. The complaint was treated as amended, and the allegations thereof as denied, both during the trial and in submitting the case to the jury. The amended complaint submitted to the defendant's attorney and filed with the judgment roll is a copy of the original complaint, with a paragraph added thereto alleging a defect in the condition of the ways, works, and machinery connected with and used in the business of the defendant, and an express allegation:

"That the defendant was negligent in the construction of said trapdoor, namely, in not having shelves constructed under the sides of the said trapdoor on which the trapdoor could rest, and that in not having such shelves under said trapdoor the ways, works, and machinery of the defendant was defective."

Section 723 of the Code of Civil Procedure provides:

"The court may, upon the trial or at any other stage of the action before or after judgment, in furtherance of justice and on such terms as it deems just, amend any process, pleading or other proceeding * * * by inserting an allegation material to the case, or where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceedings to the facts proved, and in every stage of the action the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party. * * *"

A variance between an allegation in a pleading and the proof is not material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. If a party insists that he has been misled, the court may in its discretion order the pleading to be amended upon such terms as it deems just. Code Civ. Proc. § 539. Where the variance is not material, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs. Code Civ. Proc. § 540. The

only limitation upon the power of the court to allow an amendment of the pleading by conforming it to the facts proved is that the amendment shall be in the furtherance of justice and shall not change substantially the claim or defense. Bailey's Code Pleading & Practice (2d Ed.) 503.

Assuming that there was a variance between the pleading and the proof in this case, the defendant was not misled thereby. The court did not even require that the defendant should prove to its satisfaction that it had been misled by the claimed variance, but was willing to assent to the plaintiff's suggestion that a juror be withdrawn to allow the plaintiff an opportunity to apply at Special Term for leave to amend his complaint. The defendant intentionally elected to proceed with the trial after the court had stated that the complaint could be amended to conform to the proof. In its answer it had denied any negligence on its part causing the plaintiff's injury. If it had desired to have the amended complaint filed at once, or to have leave to file an answer thereto, it is evident from the remarks by the court that such request would have been granted. The allegations added to the complaint were treated as denied in the trial court, and are so treated by this court, and we do not see how the defendant has been prejudiced or injured by not having filed a formal answer to the complaint as amended. The power of the court to allow the amendment is clear. The failure of the court to postpone the trial, or to require that the amendment to the complaint be written out, so that the defendant could inspect the same before proceeding with the trial and that defendant might answer the same, was the fault of the defendant, and cannot now be insisted upon to the prejudice of the judgment.

Judgment and order should be affirmed, with costs. All concur.